UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER G. RUTH,<br><br>        Plaintiff,<br><br>    v.<br><br>LOUSIANA PACIFIC PAPER PULP COMPANY/MILL,<br><br>        Defendant. | Case No. 24-cv-06673-TLT<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California state prisoner, filed this action. His complaint is now before the Court for screening pursuant to 28 U.S.C. section 1915A. The complaint will be dismissed for failure to state a claim.

Plaintiff's application to proceed *In Forma Pauperis* (IFP) will be granted by separate order.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

1   claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

2   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

3   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

4   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

5   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

6   do. . .. Factual allegations must be enough to raise a right to relief above the speculative level."

7   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

8   proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  All or part

9   of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an

10  arguable basis in either law or in fact.

11       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

12  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

13  alleged violation was committed by a person acting under the color of state law.  *See West v.*

14  *Atkins*, 487 U.S. 42, 48 (1988).

15       In other cases in which the plaintiff does not seek relief from a state actor but is proceeding

16  *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time

17  if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous

18  or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

19  against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

20       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke*

21  *v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir.

22  1984).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

23  meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at

24  327; *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (defining frivolous as "of

25  little weight or importance: having no basis in law or fact").  An action is malicious if it was filed

26  with the "intention or desire to harm another." *Andrews*, 398 F.3d at 1121 (9th Cir. 2005).

27       If a court dismisses a complaint for failure to state a claim, it should "freely give

28  leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  A court has discretion to

1 deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,
2 repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the
3 opposing party by virtue of allowance of the amendment, [and] futility of amendment."
4 *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

### B. Analysis

Plaintiff has not stated a cognizable claim. Defendant is not a state actor, and plaintiff has not alleged any violations of the Constitution or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (a private individual does not act under color of state law, an essential element of a § 1983 action). Title 15 of the United States Code, section 15, which plaintiff lists on the header of his case, addresses a private right of action for violations of federal antitrust law and is not related to asbestos. While 15 United States Code section 2601 et seq., the Toxic Substances Control Act (TSCA) of 1976, allows for a private right of action in 15 U.S.C. section 2619, "the citizen suit provision of TSCA is not intended for personal injury claims." *Bowling v. United States*, 93 Fed. Cl. 551, 559 (2010).

Although federal jurisdiction is available where the parties are citizens of different states and the amount in controversy exceeds $75,000, pursuant to 28 United States Code section 1332, plaintiff has not adequately alleged the elements of diversity jurisdiction. Nor has plaintiff alleged any state-law claims against defendant.

### CONCLUSION

For the foregoing reasons, the case is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 24, 2025

TRINA L. THOMPSON
United States District Judge